# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                               **Case No. 06-CR-321**

**DANA TATE**
        **Defendant.**

## SENTENCING MEMORANDUM

The government charged defendant Dana Tate with possessing a firearm as a felon (count one) and possession with intent to distribute marijuana (count two). The government further alleged that based on prior convictions defendant qualified as an armed career criminal under 18 U.S.C. § 924(e), subject to a mandatory minimum of fifteen years in prison.

Defendant pleaded guilty to count one, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. The PSR set defendant's base offense level at 24 under U.S.S.G. § 2K2.1(a)(2), added 4 levels because defendant possessed the firearm in connection with another felony offense (i.e., marijuana distribution), § 2K2.1(b)(6), then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final offense level of 25. However, the PSR also concluded that because defendant had been convicted of two violent felonies and one serious drug offense, he qualified as an armed career criminal under 18 U.S.C. § 924(e). Based on such designation, as well as his possession of the gun in connection with a controlled substance offense, the PSR concluded that defendant's base offense level should be 34 and his criminal history category at VI. See U.S.S.G. § 4B1.4(b)(3)(A) & (c)(2). Following a 3 level reduction for acceptance of responsibility, § 3E1.1,

the PSR set defendant's imprisonment range at 188-235 months under the advisory sentencing guidelines.

Defendant objected to the guideline enhancement for possessing the firearm in connection with another felony offense, but he did not specifically object to his designation as an armed career criminal. The government supported the PSR's calculations and recommended a sentence at the low end of the guideline range. I adopted the PSR's guideline calculations and imposed a sentence of 180 months, the mandatory minimum, upon consideration of the factors set forth in 18 U.S.C. § 3553(a). In this memorandum, I set forth the reasons for the sentence imposed.

## I. SENTENCING PROCEDURE

In imposing sentence, the court must first determine the advisory sentencing guideline range, resolving any factual disputes necessary to that determination. Then, the court must select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

## II. DISCUSSION

**A.    Guideline Calculations**

Defendant objected to the 4 level enhancement under U.S.S.G. § 2K2.1(b)(6) based on his possession of the gun in connection with another felony offense.[1] The PSR based the

---

[1] Because defendant qualified as an armed career criminal, the enhancement under § 2K2.1(b)(6) had no effect on the final guideline range. However, U.S.S.G. § 4B1.4 does provide for a higher offense level and criminal history category if the defendant possessed the gun in connection with a controlled substance offense. Therefore, resolution of the objection was necessary to determine the final range under U.S.S.G. § 4B1.4.

2

enhancement on the connection of the gun to defendant's marijuana dealing, but defendant claimed that the gun was unrelated to his marijuana sales. Defendant stated that he bought the gun because he was threatened by someone in the neighborhood. He also challenged a statement from an undercover officer to whom he sold marijuana, who stated that defendant showed her the gun when she came to the gas station where he worked hoping to arrange another deal. Defendant told the officer that "he was not a punk and would handle whatever came." (PSR ¶ 12.)

The commentary to § 2K2.1 explains that this enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 cmt. n.14(B). In the present case, the police found the gun in defendant's apartment, along with twenty-two baggies of marijuana. Courts have regularly applied the enhancement when a gun is found with drugs or drug paraphernalia in the defendant's home. See, e.g., United States v. Bryant, 420 F.3d 652, 657 (7th Cir. 2005); United States v. Bell, 310 F.3d 604, 605-06 (8th Cir. 2002); United States v. Rohwedder, 243 F.3d 423, 428 (8th Cir. 2001); United States v. Spurgeon, 117 F.3d 641, 644 (2d Cir. 1997). In this case, I found that defendant possessed the firearm for protection, which facilitated his drug trafficking activities, which occurred both at his work place and his apartment. See United States v. Morris, 349 F.3d 1009, 1014-15 (7th Cir. 2003). Defendant denied showing the gun to the officer, but such bald denials are insufficient to challenge an otherwise credible statement in a PSR. See United States v. Mustread, 42 F.3d 1097, 1101-02 (7th Cir. 1994). Therefore, I overruled the objection and adopted the PSR's

3

guideline calculations.[2]

**B.    Imposition of Sentence**

### 1.    Section 3553(a) Factors

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Harris, No. 05-4259, 2007 U.S. App. LEXIS 14012, at *9 (7th Cir. June 15, 2007) (citing United States v. Dean, 414 F.3d 725, 728 (7th Cir. 2005)).  Those factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

---

[2] Defendant also objected to a statement in the PSR that he joined a gang when he was seventeen or eighteen.  Because this objection did not affect the guidelines or the sentence I made no finding on it.  See Fed. R. Crim. P. 32(i)(3)(B).

4

The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2). I considered these factors in the present case, but noted that my discretion was circumscribed by the mandatory minimum set forth in § 924(e). See United States v. James, 487 F.3d 518, 530 (7th Cir. 2007) (stating that district courts may not use § 3553(a) to disregard statutory mandatory minimum sentences).

**2.    Analysis**

Defendant sold marijuana to an undercover police officer on several occasions. At one point, he told her that he had an argument with another man and acquired a gun to handle whatever happened. Police executed a search warrant at defendant's apartment a few days later, finding a loaded handgun and twenty-two baggies of marijuana. They also seized thirty baggies of marijuana from defendant's person.

The offense was very serious given the connection of drugs and guns. Defendant's statement to the officer was also troublesome, particularly in light of his record. Defendant had several convictions for violent behavior, including an armed robbery from 1978, assault with intent to rob and cause great bodily harm in 1993, and malicious destruction of property in 1996. He was also convicted of marijuana dealing in 2001. Based on the 1978, 1993 and 2001 convictions, he qualified as an armed career criminal. Defendant noted that most of his convictions were older, and it did appear that at least his violent tendencies had passed. However, there was no indication that he had become a law abiding citizen. Defendant argued that the armed career criminal predicates should be charged in the indictment and proved beyond a reasonable doubt, but as he also acknowledged, that is not the law. See, e.g., United States v. Stevens, 453 F.3d 963, 967 (7th Cir.), cert. denied, 127 S. Ct. 611 (2006).

5

Based on his criminal activity, defendant had been in and out of prison for much of his life. At age fifty-two, he had little employment record, working at the gas station a few months before the instant arrest and one other job before that. He apparently received social security at times. He dropped out of school and was illiterate.

The PSR depicted a rough, poor childhood. Defendant could not find work due to his illiteracy and turned to drug dealing. He also developed serious drug problems of his own and seemed to have untreated mental health issues. He had been married twice and had seven kids with various women.

There were some positives in his character. His second wife, whom married in 1981 and separated from about ten years later, made positive statements and appeared in court in support of defendant. She stated that defendant recently returned to Milwaukee to help her after she developed health problems. Defendant also helped their daughter with her children, and the daughter likewise appeared in court to make a positive statement. Defendant seemed to have developed close relationships with his children and grandchildren in Milwaukee.

The guidelines called for a term of 188-235 months, and the statute required a minimum of 180 months. Under all of the circumstances, I found the fifteen year statutory minimum term sufficient to satisfy the purposes of sentencing. Such a lengthy sentence provided just punishment for this possessory offense and certainly would deter others similarly situated. See 18 U.S.C. §§ 3553(a)(2)(A) & (B). Defendant was fifty-two years old, which meant that he would be in his mid-sixties when released, presumably an age when his risk of recidivism would be in decline. He also had some health problems, which in combination with advanced age would make him less of a threat to the public. He also appeared to have family support in Milwaukee, which would aid in his re-integration into society. Therefore, a greater sentence

6

was not needed to protect the public. See 18 U.S.C. § 3553(a)(2)(C). Finally, he accepted responsibility for his crime and debriefed with the government, which was to his credit.

Therefore, under all of the circumstances, I found a sentence of 180 months sufficient but not greater than necessary. I noted that the sentence would, under § 3553(a), be the same regardless of my findings on the guidelines. This sentence was just a few months below the guideline range and was based on the particular facts of the case, so it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 180 months. I recommended that he be placed as close to Milwaukee as possible, and participate in any drug and mental health treatment programs available. Upon release, I ordered him to serve a three year supervised release term, with drug aftercare and mental health treatment conditions. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge